IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _____ |
| v. | : | **DATE FILED:** _____ |
| **JOHN DOUGHERTY**<br>**GREGORY FIOCCA** | : | 18 U.S.C. § 1951(a) (conspiracy to commit extortion - 1 count) |
| | : | 18 U.S.C. § 1951(a), (b)(2) (extortion - 18 counts) |
| | : | 18 U.S.C. § 2 (aiding and abetting) |

### INDICTMENT

### COUNT ONE
**(Conspiracy to commit extortion)**
**18 U.S.C. § 1951(a)**

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

1.      Local 98 of the International Brotherhood of Electrical Workers (hereinafter "Local 98") was a labor organization, charged under the laws of the United States, and the union's own constitution, with representing the best interests of its members and the employees whom it represented in collective bargaining with employers concerning their hours, wages and other conditions of employment.

2.      Defendant JOHN DOUGHERTY was the Business Manager of Local 98. In that capacity, he controlled the operations of Local 98, and all the union's employees, business representatives and job stewards, who were subordinate to him.  As Business Manager of Local 98, defendant DOUGHERTY had the sole power and authority to hire and appoint the business representatives of Local 98.

3. Defendant GREGORY FIOCCA was an electrician, a member of Local 98, and the nephew of defendant JOHN DOUGHERTY.

4. Section 5.08 of the Local 98 Collective Bargaining Agreement (CBA), to which defendant GREGORY FIOCCA's employer, an electrical contractor known to the grand jury (hereinafter "the contractor"), was a party, authorized defendant JOHN DOUGHERTY, as Business Manager, to designate the steward on Local 98 job sites of employers who were signatories to the Local 98 CBA. The CBA also required that the steward be the next to last person laid off when the job was nearing completion. As set forth in the Local 98 by-laws, a steward's responsibilities included making sure that overtime was equally and impartially allotted, and that the IBEW constitution, Local 98 by-laws, and the Local 98 CBA were followed.

5. R. P., an individual known to the grand jury, was an owner of the contractor. R. G., an individual known to the grand jury, was an employee of the contractor. R.G. was the manager of the project on which defendant GREGORY FIOCCA was assigned and a member of Local 98.

6. From on or about August 19, 2020 through on or about January 20, 2021, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

**JOHN DOUGHERTY and
GREGORY FIOCCA**

knowingly and intentionally conspired and agreed, together and with others known to the grand jury, to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, Sections 1951(b)(2) and (b)(3); that is, defendants conspired to obtain from an electrical contractor known to the grand jury, property, that is, salary, wages, and employee benefit contributions paid to and

on behalf of defendant FIOCCA by the contractor for services not performed, with the consent of the contractor's owners, agents, and employees, which was induced by the wrongful use of actual and threatened force, violence, and fear, including fear of economic harm.

## Object of the Conspiracy

7. The object of the conspiracy was for defendants JOHN DOUGHERTY and GREGORY FIOCCA, through force and violence, and threats of violence and economic harm, to have the contractor continue to employ and pay defendant FIOCCA for services not performed, and to have the contractor's owners, agents, and employees forego any attempt to hold him accountable and monitor his work performance.

## Overt Acts

In furtherance of the conspiracy and its unlawful object, defendants JOHN DOUGHERTY and GREGORY FIOCCA committed and caused to be committed, in the Eastern District of Pennsylvania and elsewhere, the overt acts described below.

1. In or about October 2019, defendant JOHN DOUGHERTY appointed defendant GREGORY FIOCCA to be the Local 98 steward for the employees of the contractor.

2. Between in or about October 2019 and on or about August 19, 2020, defendant GREGORY FIOCCA frequently did not show up for work, was not present at his workstation, and did not do the work that was assigned to him. For these reasons, he was sometimes paid for fewer than 40 hours of work for the week.

3. When defendant JOHN DOUGHERTY was informed about the continuing problems concerning the attendance and work performance of defendant GREGORY FIOCCA as described above, defendant DOUGHERTY refused to consider any facts that showed

defendant FIOCCA was at fault and falsely blamed the people who were supervising defendant FIOCCA.

4. In or about July 2020, after he was paid for fewer than 40 hours for one week because he had not worked 40 hours, defendant GREGORY FIOCCA confronted R. G., and accused R. G, the contractor, and the contractor's owners, agents, and employees of not paying him for all of the hours he worked.

5. On or about August 19, 2020, defendant GREGORY FIOCCA assaulted R. G., and threatened R. G. with violence, and threatened R. P. with violence and economic harm, because defendant FIOCCA had been paid for fewer than 40 hours of work for the previous week, even though he had worked for fewer than 40 hours during the previous week.

6. During the assault, defendant GREGORY FIOCCA made the following threats to R. G.:

> " . . . You owe me, 36 f--king hours; before I break your f--king jaw. . .
> Call an Agent.  Call the [Union] Hall.  There's nothing you can do to me.
> I'm getting my money . . . You think this is f--king, how this works?  You
> think you're like, you think yous are untouchable?  I'll break all of you, I'll
> f--king break your face and [R. P.'s] face.  How's that sound? . . .
> Stop f--king checking on me every day.  Stop looking for me every f--king
> five minutes.  And I won't break your f--king face . . . Listen, next time this
> happens again, it's not going to be no little f--king push.  You, I'm going to
> punch you in your f--king face . . . check on me again, I'll break your face
> in the parking garage . . . We're pulling the whole job, you know that, right
> now.  I'm calling my uncle already.  We're pulling everyone off the job.  F-
> -k you now.  Tell [R. P.] to come check on me tomorrow too.  Soon as he's
> in the parking garage, and no cameras in there, I'll break his f--king face
> too."

7. On or about August 19, 2020, after the assault, defendant JOHN DOUGHERTY made the following threats of economic harm against R. P.: a) defendant DOUGHERTY would no longer allow the Local 98 electricians working for the contractor to work overtime; b) defendant DOUGHERTY would force the contractor to operate three shifts of Local 98

electricians on the job; c) defendant DOUGHERTY would pull all of the Local 98 electricians off of the job; and d) defendant DOUGHERTY might try to prevent the contractor from getting a large electrical job in Philadelphia.

8. On or about August 19, 2020, after defendant GREGORY FIOCCA assaulted R. G., three representatives of Local 98, all of whom had been appointed by defendant JOHN DOUGHERTY, went to the job site and spoke to R. G., who told them that defendant FIOCCA grabbed him by the throat, threw him on a desk, and threatened him with further violence. One of the Local 98 representatives walked away and spoke with defendant DOUGHERTY on the telephone. After the call, the Local 98 representative stated to R. G. and other agents and employees of the contractor that nothing concerning defendant FIOCCA's employment was going to change.

9. From on or about August 19, 2020 through on or about January 17, 2021, defendant GREGORY FIOCCA remained employed by the contractor, did little or no work, and received salary, wages, and credit for employee benefit contributions paid by the contractor, for services not performed, with the consent of the contractor's owner, agents, and employees, which was induced by the wrongful use of actual and threatened force, violence, and fear, including fear of economic harm.

All in violation of Title 18, United States Code, Section 1951(a).

**COUNTS TWO TO NINETEEN**
(Extortion)
**18 U.S.C. § 1951(a), (b)(2)**

**THE GRAND JURY FURTHER CHARGES THAT**:

1. The allegations in Paragraphs 1 through 5, 7 and Overt Acts 1 through 9 of Count One of this Indictment are incorporated here.

2. On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendants

**JOHN DOUGHERTY and
GREGORY FIOCCA**

did obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, and aided and abetted the same, that is, defendants DOUGHERTY and FIOCCA obtained, and attempted to obtain, from an electrical contractor known to the grand jury, property, that is, salary, wages, and contributions for employee benefits paid to and on behalf of defendant FIOCCA by the contractor, for services not performed, with the consent of the contractor's owner, agents, and employees, which was induced by the wrongful use of actual and threatened force, violence, and fear, including fear of economic harm, each date representing payments made to and on behalf of defendant FIOCCA from the contractor, and a separate offense:

| Count | Date |
|-------|------------|
| 2 | 08/26/2020 |
| 3 | 09/09/2020 |
| 4 | 09/16/2020 |
| 5 | 09/23/2020 |
| 6 | 09/30/2020 |
| 7 | 10/07/2020 |

| Count | Date |
|-------|------|
| 8 | 10/14/2020 |
| 9 | 10/28/2020 |
| 10 | 11/04/2020 |
| 11 | 11/11/2020 |
| 12 | 11/18/2020 |
| 13 | 12/09/2020 |
| 14 | 12/16/2020 |
| 15 | 12/23/2020 |
| 16 | 12/30/2020 |
| 17 | 01/06/2021 |
| 18 | 01/13/2021 |
| 19 | 01/20/2021 |

In violation of Title 18, United States Code, Section 1951(a), (b)(2), and Title 18, United States Code, Section 2.

**A TRUE BILL:**

**FOREPERSON**

**JENNIFER ARBITTIER WILLIAMS**
**Acting United States Attorney**

No._____

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

## THE UNITED STATES OF AMERICA

vs.

John Dougherty
Gregory Fiocca

## INDICTMENT

Counts
18 U.S.C. § 1951(a) (conspiracy to commit extortion - 1 count)
18 U.S.C. § 1951(a), (b)(2) (extortion - 18 counts)
18 U.S.C. § 2 (aiding and abetting)

■■■■■■■■■■■■■■■■■■■

Filed in open court this _____day,
Of _____A.D. 20_____

_____
Clerk

Bail, $_____